■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ELLIS, Appellant. [824 NYS2d 16]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J., at hearing; Bonnie G. Wittner, J., at jury trial and sentence), rendered May 16, 2005, convicting defendant of burglary in the second degree and stalking in the third degree, and sentencing him to concurrent terms of 10 years and 1 year, respectively, unanimously affirmed.

Were we to find that the photo identification was unduly suggestive, and were we to further find that the victim's lineup and in-court identifications should have been suppressed, we would nevertheless find any error to be harmless. Defendant conceded the element of identity in his own trial testimony (*see People v Jorgensen*, 298 AD2d 209 [2002], *lv denied* 99 NY2d 616 [2003]), and we are not persuaded by his present assertion that his testimony was a product of the court's suppression ruling. Moreover, even without defendant's testimony, and without any identification testimony from the victim, there still would have been overwhelming evidence of identity, including the fact that defendant left his cell phone in the victim's apartment, from which his identity was ascertained.

Defendant's procedural and substantive arguments concerning the court's response to a note from the jury are without merit.

Defendant's claim that the court considered improper criteria in imposing sentence is unpreserved (*People v Harrison*, 82 NY2d 693 [1993]), and we decline to review it in the interest of justice. Were we to review this claim, we would find it is not supported by the record. Concur—Saxe, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.